(91 Misc. Rep. 173)

## PEOPLE v. KEMPNER.

(Court of General Sessions, New York County. June 28, 1915.)

CRIMINAL LAW ⚖=914—NEW TRIAL—COMMUNICATION WITH FRIENDS.

Inferior Criminal Courts Act (Laws 1910, c. 659) § 81, providing that at the time of arraignment the magistrate shall inform defendant that he is entitled to communicate with his relatives or friends by letter or telephone free of charge, was amended on May 8, 1915 (Laws 1915, c. 531, § 26), so as to provide that failure of the magistrate to give the warning shall not be deemed a reason to reverse judgment, unless it deprived defendant of a fair trial. Accused was on March 20, 1915, convicted of disorderly conduct, which consisted in his refusal to move when requested by an officer. Accused stated that he refused to move because he did not wish to approach a certain man in the crowd. *Held* that, where he was not given the statutory warning, he was entitled to a new trial; the failure affecting his rights, which were the same before and after the amendment, the amendment merely declaring the pre-existing law.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2146–2151; Dec. Dig. ⚖=914.]

Appeal from Magistrate's Court.

David Kempner was convicted in Magistrate's Court, and he appeals. Reversed, and new trial ordered.

Greenbaum, Wolff & Ernst, of New York City, for appellant.

WADHAMS, J. This is an appeal from a judgment of conviction in the Magistrate's Court. What took place at the time of arraignment, and also upon the imposition of the sentence, is set forth in the stenographer's minutes, annexed to the return. This record discloses that the magistrate failed to give notice to the defendant, as provided by section 81 of chapter 659 of the Laws of 1910, known as the Inferior Criminal Courts act. The trial took place on March 20, 1915. Since that date, and on May 8, 1915 (Laws 1915, c. 531), section 81 was amended by the addition shown in italics, as follows:

"Sec. 81. Defendant's Right to Communicate with Friends. At the time of the arraignment of a defendant, the magistrate shall inform said defendant that he is entitled to communicate with his relatives or friends, by letter or telephone free of charge. The chief city magistrate shall investigate the manner and method of the enforcement by the department of correction of the provisions of section one hundred and twelve of this act, and in the event that any of the duties imposed by such provisions are not properly performed, said chief city magistrate shall promptly report the same in writing to the mayor. *But the failure of the magistrate to give the warning prescribed herein shall not be deemed a reason to reverse a judgment of conviction unless such failure is shown to have deprived the defendant of a fair trial.*"

This amendment has made no change in the law, but is merely declaratory of the existing law, as it was stated in People v. Spritzer, 90 Misc. Rep. 512, 153 N. Y. Supp. 570, in which the section in question was construed. In that case the court said:

"The proper procedure is to give the notice both at the time of arraignment and immediately upon conviction in conformity with section 81, whether or not the defendant is represented by counsel. But it is the duty of the court

to determine whether the failure to observe the proper procedure has, in fact, operated to the prejudice of the defendant, or is merely a technical error which does not affect the defendant's substantial rights."

The judgment in the Spritzer Case was affirmed upon the ground that the substantial rights of the defendant had not been prejudiced by the failure of the magistrate to observe the requirements of section 81 of the Inferior Criminal Courts Act. It appeared that upon the making of the complaint no testimony was taken; an adjournment was had for three days, during which time the defendant had opportunity to make such communication with friends or relatives as she desired, and she must have availed herself of this opportunity, inasmuch as she was represented at the trial by counsel, who had, in the meantime, filed a notice of appearance as her attorney.

In the case at bar, however, the defendant was not represented by counsel. He was arrested at 10:10 o'clock in the evening, and was tried immediately upon arraignment the same evening, and forthwith found guilty. The testimony occupies only 1½ pages and consists of 4 questions asked the officer and 4 questions asked the defendant, 3 of which were his name, his address, and whether he had been in trouble before, to which he answered, "No." The disorderly conduct charge consisted in the failure of the defendant to move, when told to do so. The defendant, who had come from Princeton, N. J., was, as stated by the officer, standing at Thirty-Second street and Broadway in a crowd on the sidewalk at a street meeting. In answer to a question as to what he had to say about this charge, he answered:

"I have to say that I did not want to move up against a certain man that the officer requested me to, and told the officer so."

Without further inquiry as to who the certain man was, or the reason for the defendant's refusal to move up against him, or as to what was said to the officer, the court found the defendant guilty of disorderly conduct. As was stated in the case of People v. Spritzer:

"It was clearly the intent of the Legislature that notice should be given to afford the defendant an opportunity to communicate with relatives or friends, for the purpose of obtaining counsel or procuring witnesses; in other words, that the defendant should be given a fair chance to contest the issue."

Section 81, as amended, states that the failure of the magistrate to give the warning prescribed shall not be deemed a reason to reverse the judgment of conviction, unless such failure is shown to have deprived the defendant of a fair trial. In my opinion, it appears in this case that the failure of the magistrate to give the warning specified by section 81 of the Inferior Criminal Courts Act did deprive the defendant of a fair trial. Had he been informed by the magistrate of his right to communicate with relatives or friends by letter or telephone free of charge, an opportunity would have been given him to secure the attendance of witnesses and the presence of counsel, for the purpose of establishing more fully his explanation, and, it may be, satisfying the magistrate of his innocence.

Judgment is reversed, and a new trial ordered in this court, pursuant to section 768 of the Code of Criminal Procedure.